# In The Eastern District Court of Pennsylvania United States

| | |
|---|---|
| Lamar Stewart Alston, Plaintiff; <br><br> VS. <br><br> Jaime Sorber - Superintendent, Mandy Sipple - DSCS, Terra - DSCS, Bradley - DSCS, Luquis - Unit Manager, Panasiewicz - DSFM, Charles Hensley - CCPM, Olinger - CCPM, Gina Orlando - Grievance Coordinator, Fern - inmate accounts employee. <br><br> Defendants; | Civil Action <br><br> # |

## Civil Federal Section § 1983 Lawsuit

## Complaint

| | |
|---|---|
| Plaintiff Address: Lamar Stewart Alston <br> Inmate # LL 1980 <br> SCI - Phoenix <br> 1200 Mokychic Drive <br> Collegeville, PA 19426 | Defendant's Address <br> SCI - Phoenix / PA.D.O.C <br> 1200 Mokychic Drive <br> Collegeville, PA 19426 |

## Complaint

(1) Plaintiff Alston inmate # LL-1980 brings this action under Section 1983, 1981, 1985 under Federal Statute Law Constitutional Law claims under color of Law against all Named Defendants - employees of SCI-Phoenix under 28 U.S.C § 1331, 28 U.S.C § 2283 § 2284, 1343(A) Rule 65 of Federal Civil Rules Procedures for compensatory Damages, Punitive Damages, Attorney fees, Cost of Litigation Informa Pauperis, Injunctive Relief Jointly & severally in all capacities for 8th amendment violations of U.S Constitution Deliberate Indifference to unsafe Conditions of Confinement and 14th amendment Due Process Violation claims against all Defendants in Personal Individual and official Capacity under color of Law Acted.

### Parties / Jurisdiction - Venue
#### Plaintiff

(2) Plaintiff Lamar Stewart Alston inmate # LL-1980 is currently incarcerated residing at SCI-Phoenix 1200 Mokychic Drive Collegeville, PA 19426 which is the Eastern District of Pennsylvania which all violations in question happened involving all Defendants therefore venue jurisdiction is Proper Pursuant to 28 U.S.C. § 1391(B)(2) + USC § 1367. This above shows that Eastern District Court of PA has Jurisdiction

(3.) All Court officials Must Mail Plaintiff Legal Mail at Prisons Direct Address 1200 Mokychic Drive Collegeville, PA 19426 SCI-Phoenix LaMar Stewart Alston Inmate # LL-1980.

According to PA DOC Policy, Defendants of PA DOC & Their Attorney Must Serve documents in this Matter to Plaintiff via 3rd party DOC vendor "SMart Communications":

- Smart Communications/PA DOC
  LaMar Stewart Alston
  Inmate # LL-1980
  PO Box 33028
  SCI-Phoenix
  St. Petersburg, Florida 33733

Non-Legal Mail Mail Process if Defendants or Their Attorney Don't have an Approved verified (ACN #) Attorney Control Number to place on envelope of the Mail.

Plaintiff has no other Lawsuits filed throughout his incarceration

(4)

## Brief introduction of Facts-claims

Plaintiff Brings this Action Jointly & Severally against all Defendants Listed for Violation of his 8th Amendment Right of U.S. Constitution by All Defendants being Deliberate Indifferent to his Safety & unsafe conditions of Confinement placing him and other Inmates at Risk of Contracting COVID 19 Virus causing extreme worry, Distress, Depression, Mental Anguish and Physical Injuries at Risk of Causing Hospitalization or Death and or future health issues as the Violation is ongoing as Defendants houses vacinated and unvacinated on same unit

5. All Defendants had received multiple request slips, letters, grievances written and unwritten-verbally by Plaintiff Alston and numerous of other prisoners about the Risk/costs constant ongoing Risk of inmates safety of contracting COVID19 virus a deadly virus- Pandemic for several months complaining about the ongoing issues of housing vacinated and unvacinated inmates on the same unit and pods together and not providing clean cleaning supplies to sanitize surfaces - cells in a Level 5 housing unit Solitary Confinement unit Restricted Release List on "L" Block at SCI-Phoenix the "IMU" Program, thereby placing all prisoners at risk of the deadly virus when defendants even after receiving multiple communications putting them on notice, such defendants intentionally ignore the risk and still houses the vacinated & unvaccinated together on same unit as all prisoners has contact with each other in programs in & out of cell yard exercise, uses same showers - phones and all breath the same air as the ventalation system rotates the same foul air throughout the unit from one cell to the next due to ventalation system poor & defunctions. As a result all Defendants violated the 8th amendment by being deliberate indifferent to the ongoing issues as all received communications.

## DEFENDANTS

(6.) Defendant Jaime Sorber is Superintendent of SCI-Phoenix employed by PA DOC sued under color of Law in Individual and official capacity. Responsible for overall safety of facility. Receives Regular Communications from prisoners & staff - other Defendants about the COVID issues of the unit at all times mentioned in Action. He ignores the Risk. and ongoing Conditions and Complaints of.

(7.) Defendant Mandy Sipple is Deputy Superintendent of Centralized Services. She's employed by PA DOC at SCI-Phoenix under color of Law in official + Individual Comp Capacities at all times mentioned Same as above in Paragraph #6 incorporated by Reference quatation.

(8.) Defendant Terra is Deputy Superintendent of Centralized Services. He's employed by PA DOC at SCI Phoenix under color of a Law in official & Individual capacity at all times mentioned Same Above in Para #6 incorporated by Reference.

(9.) Defendant Bradley is Deputy Superintendent of Centralized Services. He's employed by PA DOC SCI-Phoenix at all times mentioned under color of Law individual official capacity. above in para #6 above is incorporated by Reference

(10.) Defendant Luquis is the Unit Manager of "L" Block the Unit at SCI-Phoenix PA DOC under color of Law in Individual official capacity at all times mentioned Same in para #6 incorporated by Reference. He's sued

(11.) Defendant Panasiewicz is Deputy Superintendent of Facility Management, He's sued in individual & official capacity at all times mentioned under color SCI-Phoenix see para #6

Defendants

12.) Defendant Charles Hensley is Correctional Care Program Manager @ Classification employed by PADOC SCI-Phoenix under color of Law, he's sued in official & Individual capacity at all times mentioned See: para #6

13.) Defendant Olinger is Correctional Care classification Program Manager at SCI-Phoenix under color of Law at all times mentioned in Offical & Individual capacity See: Para #6

14.) Defendant @ Gina Orlando is Grievance Coordinator at SCI-Phoenix. She is Sued in Individual and official Capacity at all times mentioned see: para #6 under color of Law

15.) Defendant Fern is an employee of SCI-Phoenix. She's also in charge of Inmate accounts & Safety of Inmates Due Process Procedures. She is Mentioned at all times in offical & Individual capacity under color of Law. See: para #6 by Reference.

(This above List completes Defendants Listed Section "10" Listed Defendants Above)

## Facts

16.) Plaintiff entered PA DOC on March 14, 2014.

17.) Plaintiff was incarcerated at SCI-Benner from January of 2019 and remained there until September 30, 2021.

18.) Plaintiff entered SCI-Phoenix on September 30, 2021 and has been at SCI-Phoenix since and to date remain at SCI-Phoenix on "L" Block "D" Wing unvaccinated pod/wing.

19. COVID19 pandemic virus been known about at the PA DOC all facilities in about March of 2020.

20. All Defendants are and has been made aware of this condition of COVID19 since 2020 of March, seeing visually and receiving communications of how to control the virus and prevent the spreading of it in the facilites/units.

21. ~~on ARS~~ In August 2021 plaintiff was notified that a memo exist created by Secretary of the PA DOC, addressed to all inmates/and employees (Defendants) that at all DOC facilites which includes SCI-Benner and SCI-Phoenix that to prevent spread of COVID19 and for safety of all inmates & staff that there was to be seperate units and that inmates who are vacinated are not to be housed on unvacinated units together or have sorts of contact with each other as this will limited spread of virus and to protect all inmates in PA DOC and Level 5 Maximum housing units such as "L" Block.

22. Plaintiff filed grievances with, and against DOC employees at SCI-Benner and was also informed of this which also put them on notice and this was communicated via letters, memo, request slips to all Defendants upon transfer to SCI-Phoenix. and verbally spoken to all Defendants on "L" Block unit & Administracton Staff which are all listed defendants of violations ongoing

23. Plaintiff been housed on "L" Block 'D' Wing unvaccinated pod since September 30, 2021 at SCI-Phoenix

24. Plaintiff is a non- or unvacinated inmate housed on unvacinated unit with vacinated inmates thereby placing all inmates at risk of contracting COVID19 as all vacinated & unvacinated inmates on "L" Block "D" Wing are subjected to use the same filthy showers, phones, and in cell all breath same polluted foul air as the ventelization system is poor and rotate/circulates the same air

25. The same poor condition through out "D" Block ventalation system specfically on "D" wing The unvacinated Pod. The vents are are linked connected together which are sometimes cut off by defendants intentionally or by defunction of system which lastes for weeks or even months until refiltered and changed or fixed thereby depriving me of fresh air in cells where I'm in level 5 unit 23 or 24 hours a day inside of cell. Deprived of Basic Life Neccessity

26. The suction of air is poor and most times intentionally shut off by Defendants as they are in control of the operations by button & electricity.

27. This poor air circulation as described above has been ongoing since September 30, 2021 to todays date April 2022 and is ongoing until fixed by Defendants as well as the housing of vacinated & non-vacinated inmates on same unit in 2 cells less than a feet next to each other and all has been brought to attention of all Defendants by Plaintiff inmates and other staff of DOC of the ongoing unsafe conditions via letters, grievances, request slips, verbal conversations since Sept 30, 2021 but all defendants ignored the risk & conditions of the violations and did not rectify or correct issue as it was within their control & responsibility.

28. In the cells, specifically most cells I was housed in on this unit I was able to smell foul odors from the vents that connected to other vacinated & non-vacinated inmates cell vents, able to smell feces, urine, vomit and other foul unexplained unknown odors since Sept 30, 2021.

29. Defendants all deprive all inmates of adequate cleaning supplies chemicals to clean our cells which places all inmates including myself of catching COVID coupled with the other combined mentioned issues above.

30.) I plaintiff, other inmates and other DOC employees had numerous of direct verbal conversations with all Defendants and sent multiple written communications to all Defendants about the ongoing issue of lack of cleaning supplies to clean cells, housing of vacinated & unvacinated inmates on same unit, the use of same showers & phones and even out of cell program hours in IMU, exercise-yard and other direct contact prisoners have with each other on unit and the poor ventalation system air flow intake and outtake and issues with vents... all the above issues repeatedly was brought to attention of defendants and the risk it causes to me and other prisoners and harm it has & continued to cause was informed of to All Defendants but they all ignored the risk and stated "we don't care if we violate CDC protocals & prison memo policy that requires us to house vacinated & unvacinated inmates on seperate units, we are over crowded and prison population rate are extremely high, so we will not rectify the ongoing issues you continue to repeatedly complain off." In PRT & PRC meetings with the Administration all Defendants stated this above on the monthly basis. Plaintiff was told by each defendant on several occassions "it won't be fixed"

31.) Plaintiff Alston & multiple other inmates even filed numerous of written grievances on the issues above, defendants failed to respond to some as they alleged the ongoing issues of COVID19 prevention & violations, the grievances was against & to all defendants notifying them of the ongoing issues but they ignored most and others they responded to but failed to remedy the ongoing violation that was listed in the grievances about the above.

32.) Grievances to & against all defendants concerning issues listed in this action described in each factual paragraph, was sent to defendants however they ignored the risk of harm and failed to remedy the ongoing issue. Some grievances that was responded to by defendants in regards of the issues in this complaint & other issues not listed, defendants have a history of defaulting their own grievance procedural policy DC-804 by failing to respond to grievance on time or failing to respond at all. Defendants even admitted verbally & written they d defaulted by failing to respond to grievance alleging ongoing constitutional violations - COVID 19 conditions & housing of inmates in a timely manner within 15 working days of filing of such grievances which also violates 14th amendment due process by not responding to grievances alleging ongoing unsafe conditions of confinement and defendants interfere with the grievance process preventing issues from being addressed properly in a timely manner which all defendants had authority & responsibility to remedy or correct issues instead they knowingly ignored the risk and danger that plaintiff was in of contracting COVID 19 from other inmates & staff on unit.

33.) See attached is ~~exhibits~~ attached exhibit #A-Z to support my claims listed, grievances, responses, request slips, affidavits-declarations of other inmates and other evidences of proof, such copies of affidavits-declarations of other inmates on my behalf was filed with all defendants putting defendants on notice of violation of CDC protocols, DOC memo, and that there was vacinated & non-vacinated inmates housed on same units together in cells directly next to each other placing them all at risk of catching COVID 19. All defendants know but doesnot care about the unsafe housing & conditions of inmates.

34.) All defendants was responsible to ensure all inmates are properly housed in the facility on units that are according to their vacination for COVID 19 status. Had authority to change housing conditions.

35. Each defendant was repeatedly continuously notified verbally and or written by plaintiff & others of the so unsafe conditions of confinement and unsafe housing of inmates, and lack of ventalation air flow & intake, lack of cleaning supplies to sanatize clean etc cell, filthy & risk of using showers & phones and yard-excercise of vacinated & non vacination on same unit together but each defendant ignored risk & continue an unwritten custom practice of secretly knowingly housing vacinated & unvacinated prisoners on same unit and the continued risk of such violations but Defendants didnot care to rectify issue directly in their Authority/control they failed to protect me from harm these conditions has caused & continue to cause me. I had several asthma attacks due to such conditions making it difficult to breath properly some was documented others was not.

36. → I have a current chronic health condition and treated for Asthma with pump-medication which are not kept in my cell or on unit instead kept in medical, I've had Asthma my whole life.

37. As of between April 18, 2022 and April 26, 2022 the ventalation system has not been working or on and not up to date. Inmates including myself has been complaining and contacting Defendants but the Defendants Ignore and when the vents are on it blows dust from vent into our cells causing me to have constant nose bleeds and Ashtma attacks also when Inmates on unit get pepper sprayed, it comes in my cell through vents causing Ashtma Attacks

38. ## Exhaustion of Remedies
(See Exhibits #A-Z)

Plaintiff Alston has repeatedly exhausted all available & unavailable remedies as to all claims against all listed defendants by verbal & written correspondence against & with & to all defendants, filed grievances about these claims/issues and appealed as far as permitted by defendants via DC ADM-804 grievance procedure although such defendants defaulted their own policy by failing to respond on time.

39. I have a Cr

## Statement of Legal claims

40. Plaintiff Alston Allege & Realleged and Incorporate by Reference para #1 through Paragraph 39 to section of Legal claims, Reliefs Requested factual section List of Defendants etc. Defendants violated 8th & 14th amendment. also Incorporate para # 40 through #54.

41. All Listed Defendants as described in this Complaint intentionally violated Plaintiff Alston's 8th amendment violation of U.S constitution by Being deliberately indifferent to the unsafe unsanitary conditions and housing of vacinated & non vacinated inmates together on same unit in contact with each other attending yard & Activities together, Lack of cleaning supplies to clean cell, poor venteliation in cells & unit as a result of this they failed to keep plaintiff and other inmates from harm & Risk of unsafe conditions as I'm unvacinated for COVID19 with preexisting chronic health issues such as Asthma making it difficult for me to Breath clearly.

42. All Listed Defendants violated plaintiffs 14th amendment due process by interfering with my Access to grievance procedure by ignoring & not responding on time of grievances alleging ongoing constitutional violations

## Relief Demanded & Requested

43.) Trial by Jury as to all claims triable by Jury.

44.) $125,000 Compensatory Damages from each and every defendant Jointly & Severally

45.) $125,000 Punitive Damages from each and every defendant Jointly & Severally

46.) Any and all Requested Reliefs Listed in all grievances in regards to such violations which includes monetary Relief and all other Reliefs in the grievances as attached evidence exhibits. please see: Exhibit #A_ through #_F

47.) Declaratory Judgement that All Defendants violated plaintiffs Constitutional Rights

48.) Any/All other Relief that the courts could and would grant Deemed Neccessary & equipable

49.) Defendants to pay all Court Fees, filing fees/cost, cost of Litigation, Informa Pauperis cost.

50.) $125,000 attorney Fees to be paid by Defendants.

51.) For All Defendants to provide to plaintiff & pay cost of all Discovery Requested such as grievances, Responses, housing cell housing Logs/sheets of "L" Block "D" wing from Sept 30, 2021 to April 30, 2022 showing all names & vacination status of All Prisoners on the unit.

## Preliminary/Permanent Injunction

52. I Request SCI Phoenix and its Staff & Defendants throughout the facility and every section and unit Pods/wings of the facility to created seperate units, Pods, wings that houses COVID19 Vacinated inmates on Different Wings, Pods, units than the Unvacinated and Defendents fix the Ventaliation System to Provide clean Air, give adequate cleaning supplies to clean cells in units, Cease vacinated & Non vacinated inmates from using same Showers & Phones, ceasing Providing Activites that involves Both NonVacinated & Vacinated together on same unit.

53. I Request that I plaintiff Immediately be Removed from "RRL" Restricted Release List & "IMU" Intensive Management Unit on "L" Block and Released/housed to & on general population in Next 30 days from filing of this Lawsuit. Also Request DOC to cease the IMU program/ "RRL" and Remove all inmates from such program and place them on General Population units where they could Receive Services programs mental health Needed treatment that they could have admnistered without being at Risk of being on L Block housed in unit/wings together with Vacinated & Non-Vacinated causing & has caused inmates and myself to be excluded from programs or forced to Refuse due to unsafe Risk of contracting COVID 19.

-verified complaint-

(54)

# Verification (Affidavit/Declaration)

I, Plaintiff Lamar Alston, verify-swear that the statements made in this foregoing complaint are true, correct, adequate/accurate to the best of my knowledge, understanding, beliefs and information. I understand that false statements herein are subjected to Penalty of Perjury pursuant to 28 U.S.C § 1746 and 18. Pa. C.S § 4904

Respectfully, Signed, submitted & filed by:

*Lamar S. Alston*

Lamar S. Stewart Alston
Inmate # LL-1980
SCI- Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

SR executed from above

on: April 30, 2022

Section 1983 Federal civil Lawsuit

Alston V. Sorber, et al.,

Lamar S. Alston
D.O.C. #LL 1960
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426
Legal Mail

Eastern District of Pennsylvania
Montgomery County
U.S. Courthouse
601 Market St.
Room 2609
Philadelphia, PA. 19106-1797

RECEIVED MAY 3 2022

PA DEPARTMENT OF CORRECTIONS INMATE MAIL

neopost 05/02/2022
US POSTAGE $002.96⁰
FIRST-CLASS MAIL
ZIP 19426
041M1252211